IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY ARMSTRONG                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:19cv15-FKB

WARDEN FRANK SHAW and
DEIDRE CHAPMAN                                                      DEFENDANTS

## OMNIBUS ORDER

This is an action pursuant to 42 U.S.C. § 1983 brought by Anthony Armstrong, an inmate in the custody of the Mississippi Department of Corrections. A *Spears* hearing was held on August 21, 2019, and the parties have consented to jurisdiction by the undersigned. Plaintiff has been granted *in forma pauperis* status, and thus his claims are subject to the provisions of 28 U.S.C. §§ 1915 and 1915(A). Having considered Plaintiff's testimony at the hearing, and having conferred with counsel for Defendants, the Court finds and orders as follows.

Plaintiff's claims arise out of a prison disciplinary proceeding in which he was convicted of possession of contraband. As punishment, his canteen and visitation privileges were revoked for six months. Plaintiff challenges the evidence supporting the conviction. He also contends that Defendant Deidre Chapman, the disciplinary hearing officer, had a conflict of interest and found against him in retaliation for his having named her as a defendant in another lawsuit.

Plaintiff's challenge to the disciplinary process itself fails to state a claim. A prisoner's challenge to a prison disciplinary proceeding is limited to situations where a denial of due process implicates a constitutionally-protected interest, such as liberty.

*See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Revocation of canteen and visitation privileges does not implicate a liberty interest because it does not pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For this reason, Plaintiff's challenge to the RVR conviction is hereby dismissed.

The only claim asserted against Warden Frank Shaw is the direct challenge to the RVR conviction. Furthermore, Plaintiff admitted at the hearing that he named Shaw as a defendant merely because he has supervisory authority over the disciplinary process. For these reasons, Defendant Shaw is hereby dismissed.

This case will go forward solely on the retaliation claim against Defendant Chapman. It is hereby set for a bench trial on Wednesday, May 27, 2020 at 9:00 a.m. Any dispositive motions shall be filed by February 28, 2020.

At the hearing, Defendants produced to Plaintiff a copy of his institutional file. Additional discovery shall be limited to 25 interrogatories, 25 requests for admission, and 25 requests for production.

Plaintiff's motion for additional time to file a response to the answer is denied as moot.

So ordered, this the 25th day of September, 2019.

/s/ F. Keith Ball
United States Magistrate Judge